

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

Gerald C. Mann
XXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Dan W. Jackson
Criminal District
Attorney
Houston, Texas

Attention: Mr. Palmer
Hutcheson, Jr.

Opinion No. O-2418
Re: Interpretation of Article
3271A Vernon's Annotated Civil
Statutes, relating to the prac-
tice of professional engineer-
ing.

Dear Sir:

This will acknowledge receipt of your letter of May 27,1940, requesting the opinion of this department interpreting Article 3271A, Vernon's Annotated Civil Statutes, relating to the practice of professional engineering. Your questions are as follows:

"Bearing in mind the definition of professional engineering as given in Section 2 of Article 3271A, and the penal provision in Section 23, would an architect be liable, under the penal provision, if he builds a store, an office building or a public building with plumbing and lighting and provision for the usual utilities, without hiring the services of a professional engineer?

". . .

"Would a sales and service representative (not a registered engineer) of an air conditioning equipment company be guilty, under Section 23 of Article 3271A, if he installed an air conditioning system in a hospital without employing a registered engineer?

". . .

"The third question arises from the practice, which is especially prevalent where large office buildings are concerned, of having plans prepared out of the State, with or without the advice of professional engineers in other states, none of whom are registered in Texas, and sent into the state and used in construction of these buildings without the seal or approval of any engineer registered under the laws of the State of Texas. In this situation, is it the opinion of your honorable office that the penal pro-

to any of the persons engaged in the construction of such a building in Texas?"

In answer to your first question, we call your attention to Section 11 of Article 249a, Vernon's Annotated Civil Statutes, creating the Board of Architectural Examiners and regulating the practice of architecture. This section reads as follows:

"Any person, or firm, who for a fee or other direct compensation therefor, shall engage in the planning, or designing, or supervising the construction of buildings to be erected or altered in this State, by or for other persons than themselves, as a profession or business, and shall represent or advertise themselves as architects, architectural designers, or other title of profession or business using some form of the word 'architect,' shall be considered as practicing the profession of architecture in this State, and shall be required to comply with the provisions of this Act; and no person or firm shall engage in or conduct the practice of architecture as aforesaid in this State unless a registration certificate or certificates therefor have been duly issued to such person or the members of such partnership shall engage in, or conduct, the practice of architecture as aforesaid within this State except by and through persons to whom registration certificates have been duly issued, and which certificates are in full effect; but nothing in this Act shall prevent draftsmen, students, clerks or works, superintendents, or other employees or assistants of those legally practicing architecture under registration certificates as herein provided for, from acting under the instruction, control, or supervision of such registered architects.

"Nothing in this Act shall prevent qualified professional engineers from planning and supervising work, such as railroads, hydro-electric work, industrial plants, or other construction primarily intended for engineering use of structures incidental thereto, nor prevent said engineers from planning, designing, or supervising the structural features of any building, but such engineers shall not employ the title 'architect' in any way, nor represent themselves as such, nor shall any engineer practice the profession of architecture as defined herein, unless he or she be registered as an architect under the provisions of this Act.

An architect building or supervising the construction of a "store, an office building or a public building with plumbing and lighting and provision for the usual utilities" falls squarely within the regulatory provisions of Article 249a, Vernon's Annotated Civil Statutes, and is not required to comply with Article 3271A, Vernon's Annotated Civil Statutes, regulating the practice of professional engineering. Nor is such architect required to employ the services of a professional engineer. This for the reason that the act regulating the practice of professional engineering is aimed at those "supervising" engineering work, "in responsible charge of such work", or those holding themselves out as a professional engineer by offering their services for consultation, or by preparing plans, estimates and evaluations. "The mere execution, as a contractor, or work designed by a professional engineer, or the supervision of the construction of such work as foreman or superintendent" is not engaging in the practice of professional engineering. Section 12(f), Article 3271A. See also State Board of Examiners, Etc., vs. Standard Engineering Company (S.Ct. Tenn.), 7 S.W.(2) 47, holding that plumbers are not engineers under the provisions of a similar statute.

The only prohibition in Section 23 of Article 3271A, Vernon's Annotated Civil Statutes, is against one practicing or offering to practice the profession of engineering without being registered or exempted in accordance with the terms of the Act, using the registration of another or giving false or forged evidence to the Board of Registration for Professional Engineers.

While the Act (Art. 3271A, Vernon's Annotated Civil Statutes) requires an architect to hire no one, we do call your attention to Section 19 which requires the State, its political subdivisions, and any county, city, or town to employ a registered professional engineer when it engages in the construction of public works under certain circumstances. This section reads as follows:

"After the first day of January, 1938, it shall be unlawful for this State, or for any of its political subdivisions, for any county, city, or town, to engage in the construction of any public work involving professional engineering, where public health, public welfare or public safety is involved, unless the engineering plans and specifications and estimates have been prepared by, and the engineering construction is to be executed under the direct supervision of a registered professional engineer; provided, that nothing in this Act shall be held to apply to any public work wherein the contemplated expenditure for the completed project does not exceed Three Thousand ($3,000.00) Dollars. Provided, that this Act shall not apply to

any road maintenance or betterment work undertaken by the County Commissioners' Court."

It is therefore the opinion of this department, in answer to your first question that an architect duly registered under the provisions of Article 249a, Vernon's Annotated Civil Statutes will not be amenable to Section 23 of Article 3271A, Vernon's Annotated Civil Statutes, in failing to employ the services of a registered professional engineer in building a store, office building, or public building "with plumbing and lighting and provision for the usual utilities."

Your second question is whether or not a "sales and service representative (not a registered engineer) of an air conditioning equipment company" would be guilty under Section 23 of violating Article 3271A, Vernon's Annotated Civil Statutes, if he "installed an air conditioning system in a hospital without employing a registered engineer."

In this connection we call your attention to Section 20 (e) of Article 3271A, Vernon's Annotated Civil Statutes, which reads in part as follows:

"Nothing in this Act shall be construed to apply to persons doing the actual work of installing . . . air conditioning equipment and systems ..."

It is therefore the opinion of this Department in answer to your second question, and you are respectfully advised that Article 3271A, Vernon's Annotated Civil Statutes, does not apply to a sales and service representative of an air conditioning company installing an air conditioning system in a hospital. You are further advised that the act does not require the employment of a registered professional engineer in the installation of such air conditioning system. Refer to the discussion of Section 23 above.

Your final question is whether or not those persons engaged in the construction of buildings in this State pursuant to plans and specifications prepared by and with the advice of professional engineers in other states without the advice or approval of any engineer registered under the laws of this State are amenable to prosecution under the penal provisions of Section 23 of Article 3271A, Vernon's Annotated Civil Statutes.

In answer to this question you are advised and it is clear that those engaged in the actual construction of such buildings are not within the purview of Article 3271A, Vernon's Annotated Civil Statutes, et al. As previously pointed out, "the mere execution, as a contractor, of work designed by a professional engineer, or the supervision of construction of such

Hon. Dan W. Jackson, page 5  (O-2418)


work as foreman or superintendent" is not engaging in the practice of professional engineering.  See Section 12(f), Article 3271A.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Walter R. Koch
Walter R. Koch, Assistant

By /s/ James D. Smullen
James D. Smullen

APPROVED JUN 12, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

JDS:ew:wb